REQUESTED BY: John R. Hanlon, Commissioner of Labor
1. Does section 48-519, R.S.Supp., 1978 require that private employment agencies post their fee schedule only
on the basis of an applicant's first month's salary?
2. Must the fee schedule stated on a private employment agency's contract be identical to the fee schedule posted in the agency's place of business pursuant to section48-519, R.S.Supp., 1978?
1. Yes.
2. No, but contract fee may not exceed posted fee schedule.
We are in receipt of your letter of April 19, 1979, in which you request an interpretation of section 48-519, R.S.Supp., 1978, which relates to the licensing and regulation of private employment agencies. That section states:
 "No private employment agency shall, as a condition to registering or obtaining employment for such applicant, require such applicant to subscribe to any publication or exact any fee, compensation, or reward other than the registration fee and a further service fee, based on a schedule of fees, which shall be prominently posted in the agency's place of business and filed with the Commissioner of Labor. A copy of all private employment agency contracts shall also be filed with the commissioner. Private employment agencies shall furnish each applicant with a copy of such applicant's contract. Each private employment agency shall display at all times in a prominent place a printed card with a minimum height of twenty inches and a width of fourteen inches with each letter to be a minimum of one-fourth inch in height, which shall state the maximum service fee charge against the first month's salary and where the applicant may contact the Commissioner of Labor or his agent. The service fee shall be payable at such time as may be agreed upon in writing, but not before the applicant has accepted employment."
In your first question you ask, `must private employment agencies post their fee schedule only on the basis of applicant's first month's salary?' The requirements to the above cited statute seem very clear regarding what must be placed on the twenty inch by fourteen inch printed card. That information is identified as `. . . the maximum service fee charge against the first month's salary and where the applicant may contact the Commissioner of Labor or his agent. . . .' Section 48-519, R.S.Supp., 1978. To include any other information, with the exception of the identity of the employment agency, would tend to distort the clear purpose of the legislation of giving notice to individuals of the maximum charges for which they will be liable if they obtain the services of the employment agency. It is our opinion that the printed card identified in section 48-519
should contain only information identified by the statute.
Further on in your opinion request you ask `if your answer to this question is affirmative, then, must the fee schedule stated on the private employment agency's contract be stated exactly the same as the fee schedule posted in the agency's place of business, that being based upon the applicant's first month's salary?' We would first again direct you to section 48-519 and point out that the `printed card' must set forth the `maximum service fee charge against the first month's salary.' Section 48-519, R.S.Supp., 1978, does not specifically mandate that the agency's contract contain the exact fee schedule set forth on the `printed card.' However, it cannot be questioned that the clear legislative intent of section 48-519, R.S.Supp., 1978, is the disclosure of the maximum fee chargeable and therefore any employment agency contract could not by its terms obligate an applicant to a service fee in excess of the posted fee set forth on the `printed card.' Because an agency may desire to charge a fee less than the posted maximum fees, the employment agency contract may in some instances differ from the posted fees, but in no event may the terms of the contract obligate an applicant to pay a fee which would be in excess of the maximum fees disclosed under the provisions of section 48-519, R.S.Supp., 1978.
We hope the above is in full response to your opinion request. If we can be of further assistance, please advise.